[No. 4276.]

GERRY ET AL. V. BECKWITH, SECRETARY OF STATE.

1.  ELECTIONS—POLITICAL CONVENTIONS—PRELIMINARY ROLL CALL.

The chairman of the committee whose duty it is to call a convention of a political party in a judicial district, with the co-operation of his committee has authority to prepare a preliminary roll call for the temporary organization of the convention.

2.  SAME—PROTEST.

Where a protest was filed to the seating of a county delegation in a judicial district convention but no contesting delegation appeared and the protest did not attack the regularity of the county convention sending such delegation but merely set forth certain alleged irregularities that occurred at some of the precinct primaries that sent delegates to the county convention and the delegation was duly accredited by certified credentials from the county convention, the chairman of the judicial district committee correctly placed such county delegation on the preliminary roll call of the judicial district convention.

3.  SAME—CONTESTING DELEGATIONS.

Where two sets of delegates from the same county claimed seats in a judicial district convention, and each set presented credentials regular on their face and each purporting to be from the regular county convention and a decision of the matter involved the determination of which county convention was the regularly organized convention of the party, the chairman of the judicial district committee properly refused to place either set on the preliminary roll call and left the question to be determined by the convention.

4.  SAME—TEMPORARY ORGANIZATION.

In proceeding to the temporary organization of a political convention on a preliminary roll call prepared by the chairman of the committee whose duty it was to call such convention, a motion made by an uncontested delegate, whose name appeared on the roll, to place on the preliminary roll one of two sets of contesting delegates from a county as the regular delegates from that county, was properly ruled out of order by the chairman, the committee having made a preliminary roll call it was its province to perfect the temporary organization upon that roll call.

*Review from the District Court of Arapahoe County.*

Mr. CHAS. J. HUGHES, Jr., for petitioners.

Mr. S. D. WALLING and Mr. T. J. O'DONNELL for respondent.

*Per Curiam.*—This case is brought here from the district court of Arapahoe county, and presents a controversy between the petitioners and Hon. Theron Stevens and Samuel G. McMullin, respecting the right to the nomination for the offices of district judge and district attorney, by the Democratic party, within and for the seventh judicial district. The facts upon which the contention arises are in substance as follows:

A convention to nominate candidates for the office of district judge, and district attorney, on the Democratic ticket, within and for the seventh judicial district, was called by the regularly and duly authorized officers of the Democratic party, to meet at the town of Montrose, on September 8, 1900. The delegates to be elected to this convention were apportioned to the several counties included in said district as follows: Ouray eleven, San Miguel ten, Montrose six, Delta five, Gunnison nine, Hinsdale three, and Mesa eight. Prior to the meeting of the convention, the credentials of these respective delegations were presented to A. F. Reeves, chairman of the judicial committee; from which it appeared that uncontested delegations were elected from Delta, Gunnison, Montrose and San Miguel. Two sets of delegates were elected from Mesa. A protest was filed with the committee against the seating of the Ouray and Hinsdale delegations. The committee placed upon the preliminary or temporary roll call these uncontested delegations, and also the Ouray county delegates, who were favorable to Stevens and McMullin, and the Hinsdale delegates, who were favorable to petitioners; but refused to place thereon either delegation from Mesa county. The roll thus prepared contained the names of nineteen delegates favorable to petitioners, and twenty-five favorable to Stevens and McMullin. Mr. Reeves,

chairman of the judicial committee, at the time and place specified in the call, called the convention to order. Mr. Taylor and Mr. Omland were placed in nomination for temporary chairman. During the roll call on the election of temporary chairman Mr. Fitzgerald, an uncontested delegate from San Miguel county, moved that the regular delegation known as the White delegation from Mesa county, be recognized in the temporary organization. This motion the chairman ruled out of order, and refused to put the motion; whereupon Mr. Fitzgerald appealed from the decision of the chair. As to what then occurred, the testimony is conflicting, that of petitioners being to the effect that the chair ruled the appeal out of order, and refused to put the motion, whereupon Fitzgerald put the motion, and declared it carried. On the other hand, the testimony of respondent is to the effect that the appeal from the decision of the chair was not seconded or put, or any vote taken thereon. The court below found in favor of the contention of respondent, that the appeal was not put before the house. During the roll call Mr. Taylor's name was withdrawn, and the roll call proceeded, resulting in the election of Mr. Omland, the remaining nominee for chairman. At this time it appears that the factions were practically separated, although remaining in the same room, and each perfected an organization; Mr. Leach being elected secretary of the Omland faction, Mr. Taylor chairman, and Mr. Koppin secretary of the faction favorable to petitioners; each nominated candidates for district judge and district attorney respectively, the Omland convention nominating Stevens and McMullin, and the Taylor convention nominating the petitioners.

The authority of Reeves, as chairman, to prepare, with the co-operation of the judicial committee, a preliminary roll call for the temporary organization of the convention, and to act in perfecting such organization, is not disputed; but the petitioners claim that in this instance the committee,

or he as chairman, acted illegally and arbitrarily in placing upon such roll call the eleven delegates from Ouray county who were in favor of the nomination of Stevens and Mc-Mullin, and refusing to place thereon the eight delegates from Mesa county, who were in favor of the nomination of Gerry and Barnett; and that by his arbitrary, unauthorized and illegal rulings as such chairman, seated in the convention an unauthorized and contested delegation from Ouray county, and refused to seat the duly and legally accredited delegation from Mesa county.

We do not think that the contention of petitioners is borne out by the testimony. Prior to the meeting of the convention there was submitted to the committee the credentials of but one set of delegates from Ouray county. A protest was presented against the seating of these delegates, signed by certain precinct committeemen and a Mr. York, accompanied by affidavits setting forth irregularities that occurred at certain precinct primaries at which delegates to the Ouray county convention were elected. No other delegation presented credentials to the committee, or contested the right of those presenting credentials to a seat in the convention; and no question as to the regularity of the Ouray county convention or its proceedings was presented to Mr. Reeves or his committee; but, as the court below finds, that: "On the one hand, he had credentials from a county convention, recognized as such, by those protesting, and against these regular credentials he had simply a protest, not a contest carried up by a contesting delegation on any point raised in the convention concerning anything preceding, nor a contest over anything done in that convention concerning its organization, temporary or permanent." We also think that it correctly found that: "Such facts appeared upon the face of the protest as would and must have excluded it from the serious consideration as a contest by Mr. Reeves and his committee in making up the temporary roll call."

A very different state of facts was presented in regard to the Mesa county case. In this county two county conventions were held at the same time and place, each claiming to be the regular convention; each elected delegates to the judicial convention. Each delegation presented to the committee credentials regular on their face, and each claimed the right to be seated in the convention as the regular delegation from that county. To settle the rights of these respective delegations it was necessary to determine which was the regularly organized county convention; and this inquiry involved the question as to whether or not Mr. White, as chairman of the county central committee, or an executive committee appointed on his suggestion and authorized to appoint primary judges, notwithstanding the county central committee had attempted to revoke such authority, on the one hand, or the county committee itself, on the other, had the right to appoint judges and conduct the precinct primaries in that county. We do not think that under these circumstances Mr. Reeves acted illegally or arbitrarily in refusing to determine which of these respective delegations had a right to a seat in the convention; and properly left that question to be determined by the convention itself.

As above stated, the testimony as to what occurred upon convening the convention, is conflicting. The court below found that during the roll call for temporary chairman, a motion was made to place the White delegates from Mesa county upon the temporary roll call; that the chair decided the motion out of order, from which ruling an appeal was taken, but was not put before the house. We think the chairman properly ruled the motion out of order pending the temporary roll call. He, and his committee, in the exercise of their authority, having made as we have seen, a proper temporary roll call, it was clearly within his province and authority to organize the convention by the election of a temporary chairman, in pursuance therewith. As we held

in *Spencer v. Maloney, et al.*, recently decided, such roll call cannot be changed until such organization is perfected. The judgment of the court below will be affirmed.

*Affirmed.*